**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| ASHLEY REED, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:24-cv-01073 |
| ) | |
| v. ) | |
| ) | |
| CRANES & EQUIPMENT CORP. and ) | |
| CENTRAL ILLINOIS STAFFING ) | |
| SERVICES, LLC d/b/a MANPOWER ) | |
| SERVICES, ) | |
| ) | |
| Defendants. | |

## COMPLAINT

**NOW COMES** ASHLEY REED ("Plaintiff"), by and through her undersigned counsel, complaining of CRANES & EQUIPMENT CORP. ("Cranes") and CENTRAL ILLINOIS STAFFING SERVICES, LLC d/b/a MANPOWER SERVICES ("Manpower") (collectively, "Defendants"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. §2000e *et seq.*, and unlawful retaliation.

2. Plaintiff alleges that Defendants violated Title VII and the PDA by unlawfully discriminating against Plaintiff on the basis of her sex (female) and pregnancy and then retaliating against her for opposing gender and pregnancy discrimination.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII and the PDA are federal statutes.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2) as the events giving rise to Plaintiff's claims occurred within this judicial district.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been satisfied.

6. Plaintiff filed a charge of discrimination against Cranes with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

7. Plaintiff received a Notice of Right to Sue from the EEOC as to Cranes and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

8. Plaintiff filed a charge of discrimination against Manpower with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit C.

9. Plaintiff received a Notice of Right to Sue from the EEOC as to Manpower and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit D.

## THE PARTIES

10. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Peoria, Illinois.

11. Defendant Cranes is a corporation that specializes in the sale of cranes and crane accessories.

12. Defendant Cranes maintains a principal place of business in Peoria, Illinois.

13. Defendant Manpower is an Illinois based staffing agency that assigns its employees to perform services for third party businesses located in Illinois.

14. Defendant Manpower maintains a principal place of business in Peoria, Illinois.

15. At all times relevant, Cranes had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

16. At all times relevant, Manpower had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

17. Plaintiff was jointly employed by Defendants as a Parts Assistant from June 17, 2023, until she was unlawfully terminated on November 1, 2023.

18. In June 2023, Manpower assigned Plaintiff to work at Cranes' facility in Peoria, Illinois.

19. Manpower maintained control and supervision over Plaintiff because as a staffing agency, Manpower was in control of finding job placements and job opportunities for Plaintiff, decided which jobs were presented and offered to Plaintiff, acted as a liaison between Plaintiff and Cranes, and communicated on behalf of Plaintiff.

20. Additionally, Manpower maintained control and supervision over Plaintiff because Manpower initially vetted Plaintiff for the specific skills and experience that Cranes needed to fill an essential internal role in Crane's operations.

21. Cranes also exercised significant control and supervision over Plaintiff as Plaintiff worked in Cranes' facility under the supervision of Cranes' managers.

22. Additionally, Cranes vetted and trained Plaintiff for the specific skills and experience that Cranes needed to fill an essential internal role in its operations.

23. Moreover, Cranes assigned Plaintiff's day-to-day tasks and job responsibilities,

supervised Plaintiff's duties, controlled and issued Plaintiff's schedule, bore the costs of operation of the facility in which Plaintiff worked, promulgated policies and procedures that Plaintiff was subject to, and had the ability to determine the length of Plaintiff's job commitment.

24. Plaintiff, as a pregnant female, is a member of a protected class or classes.

25. During Plaintiff's joint employment, Defendants subjected Plaintiff to different terms and conditions of employment than others not within her protected class (non-pregnant females and males in general).

26. On or about October 17, 2023, Cranes' President "Candie" (LNU) approached Plaintiff and directly informed her that she would not be hired full-time by the company due to her pregnancy.

27. Candie callously elaborated that the company did not want to deal with the "paperwork" associated with females taking maternity leave.

28. Plaintiff was stunned by Candie's conduct as Cranes was aware of Plaintiff's pregnancy and had previously informed her that she would be hired full time after her probationary period with Manpower ended.

29. On or around October 30, 2023, Candie informed Plaintiff that "we don't think you can continue to perform the physical aspects of this job" and that Plaintiff's employment will be terminated "after this week."

30. On or about November 1, 2023, Plaintiff stood up for her rights and warned Candie that Cranes could not discriminate against her on the basis of her pregnancy.

31. In response, Candie immediately terminated Plaintiff's employment.

32. Upon information and belief, Manpower had actual knowledge of and ratified Cranes' decision to terminate Plaintiff based on her pregnancy.

33. Based on Candie's comments to Plaintiff, there could be no question that Plaintiff's termination was based on her pregnancy and in retaliation for opposing the blatant gender and pregnancy discrimination

34. At all times relevant, Plaintiff met or exceeded Defendants' performance expectations.

## DAMAGES

35. As a result of Defendants' conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, financial distress, emotional distress, humiliation, and loss of enjoyment of life.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)
### (Against Both Defendants)

36. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of the Title VII.

38. Plaintiff, as a pregnant female, is a member of a protected class or classes.

39. Plaintiff met or exceeded performance expectations.

40. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (non-pregnant females and males in general).

41. Specifically, but for Plaintiff's pregnancy, Plaintiff's employment would not have been terminated.

42. Defendants' discrimination was blatant and unapologetic as Cranes' President explicitly told Plaintiff that she was being terminated on the basis of her status as a pregnant

female.

43. As a result of Defendants' conduct, Plaintiff suffered an adverse employment action in the form of termination.

44. Defendants' conduct in terminating Plaintiff's employment based on her gender and pregnancy demonstrates that Defendant treats pregnant females less favorably than individuals outside of Plaintiff's protected class (non-pregnant females and males in general).

45. Defendants acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

## COUNT II
**Violations of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act**
**(Retaliation)**
**(Against Both Defendants)**

47. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

48. As set forth above, Plaintiff engaged in protected activity by opposing gender and/or pregnancy discrimination to Candie.

49. In response to Plaintiff's opposition of gender and/or pregnancy discrimination, Defendants' immediately terminated Plaintiff's employment.

50. Plaintiff suffered an adverse employment action in retaliation for engaging in a protected activity in the form of termination.

51. Accordingly, Defendants unlawfully retaliated against Plaintiff for engaging in protected activity in violation of Title VII and the PDA.

52. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

## COUNT III
### Violations of the Pregnancy Discrimination Act
### (Against Both Defendant)

53. Plaintiff repeats and re-alleges all previous paragraphs as if fully stated herein.

54. The Pregnancy Discrimination Act of 1978 prohibits an employer from discriminating against an employee on the basis of pregnancy, childbirth, or related medical conditions. 42 U.S.C. §2000 *et seq*.

55. Defendants violated the PDA by unlawfully terminating Plaintiff's employment on the basis of her pregnancy.

56. As set forth above, Defendants explicitly terminated Plaintiff's employment on the basis of Plaintiff's pregnancy.

57. Accordingly, Defendants egregiously and willfully violated the PDA.

58. As set forth above, Plaintiff suffered damages as a result of Defendants' conduct.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

    a. A judgment in favor of Plaintiff and against Defendants;

    b. Back pay with interest;

    c. Payment of interest on all back pay recoverable;

    d. Front pay;

    e. Compensatory and punitive damages;

    f. Reasonable attorney's fees and costs;

    g. Pre-judgment interest if applicable; and

    h. Any further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 14, 2024                 Respectfully submitted,

                                         */s/ Mohammed O. Badwan*
                                         Mohammed O. Badwan
                                         SULAIMAN LAW GROUP, LTD.
                                         2500 South Highland Avenue
                                         Suite 200
                                         Lombard, Illinois 60148
                                         (630) 575-8180
                                         mbadwan@sulaimanlaw.com