IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION



ASHLEY REED,

    Plaintiff,

vs.

CRANES & EQUIPMENT CORP. and
CENTRAL ILLINOIS STAFFING
SERVICES, LLC d/b/a MANPOWER
SERVICES

    Defendants.

Case: 1:24-cv-01073

## AFFIDAVIT OF GINETTE COMSTOCK

The undersigned, being first duly sworn upon oath, states as follows:

1.    I am currently the Director of Operations at Central Illinois Staffing Services, LLC (hereinafter referred to as "Manpower"). As part of my duties, I am familiar with the employment and hiring practices of Manpower.

2.    Ashley Reed was first employed at Manpower on June 6, 2023, and she was later assigned by Manpower to work at Cranes & Equipment Corp., on June 19, 2023. Prior to beginning work at Manpower, Ms. Reed was presented with, and signed, an Arbitration Agreement, and a true and correct copy of the Arbitration Agreement signed by Ashley Reed and Central Illinois Staffing Services, LLC, is attached hereto as Exhibit 1.

3.    As discussed in Section XI of the Arbitration Agreement, Ashley Reed was given an opportunity to review both the Arbitration Agreement and the Employment Arbitration Rules, including the opportunity to consult with an attorney of her own choosing, before she signed the Arbitration Agreement. Manpower offers the Arbitration Agreement to all of its employees as a

mutual benefit, and Manpower employees are under no obligation to sign and agree to the Arbitration Agreement as a condition of their employment.

4.  After the Arbitration Agreement was signed by Ashley Reed, a copy of the Agreement was then placed in Ms. Reed's personnel file.

Further affiant sayeth not.

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the statements set forth in the foregoing Affidavit of Ginette Comstock are true and correct.

Executed on this 11th day of April, 2024.

_____
Ginette Comstock

4863-5821-3558, v. 1

# ARBITRATION AGREEMENT

This Arbitration Agreement is made as of the date executed below by and between Peoria Manpower Inc., Central Illinois Staffing Services LLC (which, together with any of its parent companies, subsidiaries, affiliates, predecessors, successors, franchisors (including Manpower, Inc.), and insurers shall hereinafter be referred to collectively as "Employer") and __Ashley Reed__ ("Employee"). In consideration of the mutual promises of Employer and Employee contained in this Agreement, Employer and Employee agree as follows:

## I. Agreement To Arbitrate

Employer and Employee mutually agree that all disputes between them of any kind or type (except claims for workers' compensation benefits or unemployment benefits) whenever they may arise will be submitted exclusively to final and binding arbitration as specified herein and pursuant to the American Arbitration Association's Employment Arbitration Rules (the "Employment Arbitration Rules"). Employee also agrees that Employee will submit to arbitration as specified herein any disputes, whenever they may arise, against Employer's current or former officers, directors, shareholders, employees, or agents that arise from or are in any way connected with those individuals' performance of duties on behalf of Employer or that arise from or are in any way connected with Employee's employment with Employer.

A copy of the Employment Arbitration Rules is available from any of Employer's branch managers or from the American Arbitration Association ("AAA") website: www.adr.org. Neither Employer nor Employee may alter, modify, or cancel this Agreement unilaterally. The terms of this Agreement survive the termination of Employee's employment.

Examples of claims subject to arbitration pursuant to this Agreement include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Day and Temporary Labor Services Act, the Illinois Wage Payment and Collection Act, and other claims under federal, state or local law, including claims for retaliatory discharge.

Class action or collective action arbitration is not permitted under this Agreement. Employer and Employee expressly agree to arbitrate any disputes on an individual basis only and not on a class action or collective action basis.

This Agreement does not preclude Employee from filing administrative charges with the National Labor Relations Board (NLRB), the Equal Employment Opportunity Commission (EEOC), or any parallel state or local agency, and does not preclude such agencies from processing those charges pursuant to their duty to protect the public interest. Nothing in this Agreement shall be deemed to excuse Employee or Employer from bringing an administrative claim before any agency in order to fulfill an obligation to exhaust administrative remedies before making a claim in arbitration. This Agreement does not apply to claims under the Sarbanes-Oxley Act.

This Agreement does not interfere with the right of Employee to: report any good faith allegation of unlawful employment practices to any appropriate federal, state, or local governmental agency enforcing discrimination laws; report any good faith allegation of criminal conduct to any appropriate federal, state, or local official; participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws; make any truthful statements or disclosures required by law, regulation, or legal process; or request or receive confidential legal advice.

*(margin signature: Ashley Reed)*

Employer and Employee recognize and agree that they are both engaged in interstate commerce and that their relationship involves interstate commerce and that, accordingly, the provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq.*, apply to this Agreement.

**II.     Time For Filing**

Any request to arbitrate pursuant to this Agreement must be submitted in writing to the AAA within the timeframes provided by the statute of limitations applicable to the particular claims submitted. Any failure to timely request arbitration shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

**III.    Request For Arbitration**

In order to initiate arbitration pursuant to this Agreement, Employer or Employee shall file a Demand for Arbitration with the AAA in accordance with the Employment Arbitration Rules. Information pertaining to case initiation can be found at www.adr.org or by contacting AAA by telephone at 1-800-778-7879.

**IV.    Selection of Arbitrator**

Arbitration under this Agreement shall be by one arbitrator, who shall be selected by the procedures for selection set forth in the Employment Arbitration Rules. The location of the arbitration hearing shall be in either the Illinois county where the employee resides or the county of the office in which the employee was hired.

**V.     Powers And Duties of Arbitrator**

The Arbitrator shall have those powers and duties authorized by applicable statute, the Employment Arbitration Rules, and listed below.

A. The Arbitrator shall have the power to rule on motions regarding the pleadings and discovery.

B. The Arbitrator shall have the power, consistent with the requirements of applicable law, to issue protective orders on the motion of any party or third party witness. Such protective orders may include, but are not limited to, sealing the record of the arbitration in whole or in part (including discovery proceedings and motions, transcripts, and the decision and award) to protect the privacy or other constitutional or statutory rights of parties and/or witnesses.

C. The Arbitrator shall have the power to determine only the dispute submitted to him or her by Employer or Employee. The dispute shall be identified with particularity in the Demand for Arbitration, or in any counterclaims or answers thereto. Any dispute not identified in those pleadings is outside the scope of the Arbitrator's jurisdiction. The Arbitrator shall not have any authority to hear claims on a class action or collective action basis and shall not have any authority to award relief to a class or collective group.

D. The Arbitrator must entertain dispositive motions if filed by Employer or Employee. The Arbitrator shall set appropriate deadlines for the submission of such dispositive motions and for the filing of any response thereto.

E. Upon reaching a decision regarding the merits of the case, the Arbitrator shall issue a concise written opinion that explains the legal and factual basis for the decision and/or award.

F. The Arbitrator shall have the sole and exclusive authority to decide questions regarding the enforceability of this Agreement, the arbitrability of a particular dispute, and the interpretation of

2

terms of this Agreement or terms contained in the Employment Arbitration Rules, except the Arbitrator shall not have the authority to decide any dispute regarding the enforceability of the parties' agreement not to arbitrate claims on a class/collective action basis. Only a court of competent jurisdiction may rule on the enforceability of the parties' agreement to arbitrate exclusively on an individual basis and not on a class/collective action basis.

VI.  **Discovery**

    A.    Employer and Employee agree that discovery shall be limited as follows:

        1.    Each party shall take no more than three (3) depositions.

        2.    Each party shall serve no more than ten (10) written interrogatories upon the other party.

        3.    Each party shall serve no more than ten (10) requests to produce upon the other party.

    B.    The Arbitrator may authorize additional discovery beyond the above-stated limits if a party establishes that such discovery is necessary for a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

VII.  **Fees and Costs**

    A.    Arbitration administrative fees, arbitrator compensation, filing fees, hearing fees, postponement/cancellation fees, and hearing room rental fees shall be borne by the parties in accordance with the provisions of the Employment Arbitration Rules pertaining to "Disputes Arising Out Of Employer Plans."

    B.    Each party shall be responsible for its own attorneys' fees, unless applicable law provides otherwise.

VIII.  **Severability**

If for any reason any portion of this Agreement shall be held invalid or unenforceable, this fact shall not affect the validity or enforceability of the remaining portions of this Agreement, except as follows. If either party files a dispute as a class or collective action, and if a court of competent jurisdiction determines that the parties' agreement to arbitrate exclusively on an individual basis and not on a class/collective action basis is not enforceable, then: (1) the parties' agreement to arbitrate exclusively on an individual basis and not on a class/collective action basis is not severable from the remainder of this Agreement; and (2) the class/collective action must be litigated in court and not arbitrated.

IX.  **Breach Of This Agreement**

If either party fails to initiate arbitration and instead initiates a court lawsuit to resolve a claim covered by this Agreement, the arbitrator may award the other party its reasonable attorneys' fees and costs incurred in staying or dismissing the court action and compelling arbitration. The preceding sentence shall not apply to efforts by any party to seek a court ruling on the enforceability of the parties' agreement to arbitrate claims on an individual basis and not on a class action or collective action basis.

X.  **Miscellaneous**

This Agreement constitutes the entire agreement between Employer and Employee regarding the arbitration of claims between them and supersedes any prior oral or written agreement or representation regarding the resolution of claims. This Agreement may only be modified by a writing signed by both

Employer and Employee. Nothing in this Agreement alters the fact that Employee is employed at-will. Employer and Employee may terminate their employment relationship at any time for any reason, with or without prior notice. Nothing in this Agreement guarantees employment or continued employment. No testimony given in conjunction with any arbitration may be used as the basis for a defamation claim.

**XI.    Knowing And Voluntary Agreement**

Employee has thoroughly read and completely understands the terms of this Agreement. Employee understands and agrees that mandatory, binding arbitration will be the sole and exclusive means for the resolution of all disputes between Employer and Employee whenever they may arise and for the resolution of certain disputes between Employee and Employer's current or former officers, directors, shareholders, employees, or agents, whenever they may arise. Employee recognizes that this arbitration shall be <u>in lieu of trial by jury</u>. Employee acknowledges that Employee has had an opportunity to review the Employment Arbitration Rules and a copy of this Agreement, that Employee was given a reasonable time to review and consider this Agreement and the Employment Arbitration Rules and to consult with an attorney of Employee's choosing before signing this Agreement, and that Employee has signed this Agreement of Employee's own free will and choice.

**Peoria Manpower Inc.**
**Central Illinois Staffing Services, LLC**

_Ashley Reed_
Employee

By: _[signature]_

Its: _Front Desk Coordinator_

Date: _June 6th 2023_

Date: _06/06/2023_

4